Robert **HENRY,** Petitioner–Appellant,

v.

Charles D. **MARSHALL,** Respondent–Appellee.

No. 05–16947.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed March 12, 2007.

**636**

---

David M. Porter, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Jamie M. Weyand, Esq., Department of Justice, State of California, San Francisco, CA, for Respondent–Appellee.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Robert Henry appeals the district court's denial of his petition for habeas corpus. We affirm as to the issue of his *Doyle* rights [1] but remand to the district court for an evidentiary hearing on the uncertified issue of actual innocence. Because the parties are familiar with the facts and the procedural history, we will not recount it here.

I

The substantive provisions of AEDPA do not apply to this case. *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir.2001).

Under pre-AEDPA habeas review, we presume the correctness of state court factual findings unless the record does not support the findings, or unless other defects, not at issue here, are present. 28 U.S.C. § 2254(d); *Kuhlmann v. Wilson,* 477 U.S. 436, 459–60, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *McKenzie v. Risley,* 842 F.2d 1525,. 1531 (9th Cir.1988) (en banc). Under pre-AEDPA law, we review questions of law and mixed questions of law and fact *de novo,* owing no deference to a state court's legal conclusions. *Williams v. Taylor,* 529 U.S. 362, 400, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring) (explaining pre-AEDPA standard of review).

II

Henry's voluntary statements to Officer Bawart waived his right to remain silent. *United States v. Pino–Noriega,* 189 F.3d 1089, 1098 (9th Cir.1999); *United States v. Ochoa–Sanchez,* 676 F.2d 1283, 1286 (9th Cir.1982). As in *Pino–Noriega,* there "is nothing in the record to indicate that [Henry's] momentary silence was intended to be a reinvocation of his rights." *Pino–Noriega,* 189 F.3d at 1098. *See also United States v. Lorenzo,* 570 F.2d 294, 298 (9th Cir.1978). Moreover, because Henry's statement about the agreed-upon price, and silence as to the contract's purpose, were "arguably inconsistent" with his defense asserted at trial, they may be used to question that defense. *United States v. Makhlouta,* 790 F.2d 1400, 1404 (9th Cir. 1986). *See also United States v. Hoac,* 990 F.2d 1099, 1103–04 (9th Cir.1993) (defendant's failure to state at arrest that he was an "innocent dupe" was "arguably inconsistent" with the defense presented by his attorney at trial). As a result, Henry's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

due process rights were not violated by the prosecutor's statements or the jury instruction.

## III

Ninth Circuit Rule 22–1(e) permits habeas petitioners to brief uncertified issues using separate headings distinguishing the certified from the uncertified issues. *Schardt v. Payne*, 414 F.3d 1025, 1032 (9th Cir.2005). "Under this rule, we construe such briefing as a request for an expanded COA," *id.*, and we may grant the COA if the petitioner has made a substantial showing of the denial of a constitutional right. *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999). We do so here with regard to Henry's actual innocence claim, but decline to grant a COA to Henry's sufficiency of the evidence claim.

Henry seeks an evidentiary hearing on his actual innocence claim. Habeas petitioners must meet "a reasonably low threshold" in order to receive an evidentiary hearing, showing only a colorable claim for relief and the lack of a factual finding below. *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir.2001). Here, there is no evidence in the record that Henry received an evidentiary hearing in state court to allow the state court to find facts relevant to the newly-discovered evidence. Henry is entitled to an evidentiary hearing in the district court because if the newly-discovered evidence proves to be true, he would have made out a valid freestanding claim of actual innocence by "affirmatively prov[ing] that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir.1997); *Herrera v. Collins*, 506 U.S. 390, 417–19, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). If truthful, the testimony of Jeffrey Taggart and Charles Austin would prove that Henry, while possibly guilty of solicitation, conspiracy, and attempt for hiring a hit man, is not guilty of first degree murder. We therefore remand to the district court to hold an evidentiary hearing. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART AND REVERSED IN PART. REMANDED.**